UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL HAILU MAMO,

                            Petitioner,

        v.

PAMELA BONDI, *et al.*,

                            Respondents.

Case No. C25-2562-SKV

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION

This is a federal habeas action brought under 28 U.S.C. § 2241.  On January 20, 2026, this Court issued an Order granting Petitioner's petition for writ of habeas corpus and ordering that Respondents provide him an individualized bond hearing that complied with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).  *See* Dkt. 13.  Petitioner thereafter filed a motion to enforce the Court's Order granting him federal habeas relief, arguing that the bond hearing afforded him "was flawed and constitutionally inadequate" and therefore contrary to the Court's Order.  Dkt. 15.

On April 1, 2026, this Court issued an Order striking Petitioner's motion to enforce on the grounds that the question of whether Petitioner's bond hearing was constitutionally adequate

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 1

was distinct from the question originally decided by the Court, *i.e.,* whether Petitioner's prolonged mandatory detention without a hearing violated his due process rights. Dkt. 16. The Court advised that if Petitioner wished to challenge the constitutional sufficiency of his bond hearing, he must do so by way of a separate federal habeas petition and not by way of a motion seeking additional relief in this case, which was closed upon issuance of the Order granting his original request for relief. *Id.* at 2. Petitioner has now filed a motion seeking reconsideration of this Court's Order striking his motion to enforce (Dkt. 17), and that motion is currently before the Court for consideration.

Motions for reconsideration are disfavored and will be granted only in limited circumstances. *See* Local Civil Rule ("LCR") 7(h)(1). The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Petitioner argues in his motion for reconsideration that this Court's Order striking his motion to enforce was clear and manifest error. Dkt. 17 at 3-5. Petitioner disputes the Court's conclusion that his motion to enforce sought to raise a new issue regarding the constitutionality of his bond hearing, maintaining that he "has not strayed from the claim for relief or the prayer for relief in his original petition." *Id*. at 4.

While it is clear Petitioner disagrees with the Court's conclusion that he sought to raise a new issue for review in his motion to enforce, "mere disagreement . . . is an insufficient basis for reconsideration." *Mah v. ICE Field Off. Dir.*, 2026 WL 585797, at *1 (W.D. Wash. Mar. 2, 2026) (citing *Gaskill v. Travelers Ins. Co.*, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012)). Petitioner has not shown manifest error in the Court's prior ruling and, thus, his motion for reconsideration (Dkt. 17) is DENIED.

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 2

Dated this 8th day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 3